Filed 2/5/26  P. v. Andreotti CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>PHILLIP JEFFORDS ANDREOTTI,<br><br>        Defendant and Appellant. | C100522<br><br>(Super. Ct. No. CR63382) |

Defendant Phillip Jeffords Andreotti sexually abused his two stepdaughters over the span of several years.  A jury convicted him on one count of continuous sexual abuse of a child and three counts of committing a lewd or lascivious act on a child. As to each count, the jury also found true a one strike allegation that defendant committed an enumerated sex offense against more than one victim, mandating an indeterminate term of 15 years to life for each count.  (Pen. Code, § 667.61, subds. (b),

1

(e)(4).)[1]  After striking one count of lewd conduct pursuant to section 1385, the trial court sentenced defendant to an aggregate indeterminate term of 45 years to life in state prison.

Defendant now contends his sentence amounts to cruel and/or unusual punishment under the United States and California Constitutions.  We conclude the contention is forfeited because defendant did not challenge the constitutionality of the sentence in the trial court.  Anticipating our conclusion, defendant asserts in the alternative that his trial counsel provided ineffective assistance.  But because defendant's constitutional challenge to his sentence lacks merit, his trial counsel did not provide ineffective assistance by failing to raise it in the trial court.  Accordingly, we will affirm the judgment.

## BACKGROUND

In November 2004, defendant and his then-wife moved into a house with his wife's daughters T. and J.  T. was seven years old at the time, and J. was four years old.  Defendant and his wife also had a daughter, A., who was born sometime after they moved in.

When T. entered puberty around the age of eight, defendant began to sexually abuse her.  The first incident she could recall involved defendant orally copulating her.  The abuse continued for about four years, mostly involving sexual intercourse.  T. estimated over 100 such incidents occurred and continued until her mother moved her and her sisters out of the house in June 2009.

Defendant did not begin his sexual abuse of J. until after they moved out.  Because A. was defendant's biological daughter, she would visit him on the weekends and J. would often come along.  When J. was about 11 years old, defendant had sex with her in his bedroom.  Defendant penetrated J.'s vagina from behind.  J. testified that

_____

[1]  Undesignated statutory references are to the Penal Code.

defendant had sex with her on four to six other occasions over a period of almost two years.

Defendant testified in his own defense. He denied sexually abusing either of his stepdaughters. He also testified that he used methamphetamine between 2004 and 2009, and began to abuse alcohol in 2013. The latter testimony corroborated certain testimony from T. and J. For example, T. testified that defendant became "strange" and "erratic" and "would stay up all night." J. testified that defendant drank alcohol while she was visiting the house and that he slurred his words and smelled like alcohol most of the time.

A defense psychologist evaluated defendant for pedophilia and concluded that defendant did not have any traits associated with pedophilia or child molestation.

DISCUSSION

Defendant claims his sentence of 45 years to life for three one strike sex offenses committed against his stepdaughters amounts to cruel and/or unusual punishment under the United States and California Constitutions.

A

Because the determination of whether or not a sentence imposed in a particular case violates the constitutional proscription against cruel and/or unusual punishment is "fact specific, the issue must be raised in the trial court." (*People v. DeJesus* (1995) 38 Cal.App.4th 1, 27 (*DeJesus*); see *People v. Speight* (2014) 227 Cal.App.4th 1229, 1247 [cruel and/or unusual claim "forfeited on appeal if it is not raised in the trial court"].)

Here, the only mention of cruel and unusual punishment made in the trial court is a single sentence in defendant's sentencing statement. That statement argued for a grant of probation based on a number of circumstances, including defendant's lack of a criminal record and the defense psychologist's conclusion that he was not a pedophile. The statement concluded by noting that defense counsel would argue for probation at the sentencing hearing and would also argue that the probation report's recommended

3

sentence of 60 years to life would amount to cruel and unusual punishment. At the subsequent sentencing hearing, the trial court struck one of the counts and imposed a sentence of 45 years to life. Defendant concedes that his trial counsel "neglected to object to [this] sentence on cruel and unusual punishment grounds." The claim is therefore forfeited.

B

Anticipating forfeiture, defendant asserts that his trial counsel provided ineffective assistance. This alternative assertion is arguably also forfeited for failure to adequately brief the issue. The entirety of the argument spans a single sentence with a string cite attached. However, if it were true that the sentence imposed in this case amounted to cruel and/or unusual punishment, failing to raise the issue before the trial court would fall below the standard of reasonable competence and defendant would thereby be prejudiced by having to serve an unconstitutional sentence. (See, e.g., *DeJesus, supra*, 38 Cal.App.4th at p. 27 [addressing merits despite forfeiture to forestall a claim of ineffective assistance of counsel].) We therefore address the merits of defendant's claim.

The Eighth Amendment proscribes "cruel *and* unusual punishment" and "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.' [Citation.]" (*Ewing v. California* (2003) 538 U.S. 11, 20 [155 L.Ed.2d 108], italics added; see *Lockyer v. Andrade* (2003) 538 U.S. 63, 72 [155 L.Ed.2d 144].) While this proportionality principle " 'does not require strict proportionality between crime and sentence,' " it does prohibit " 'extreme sentences that are "grossly disproportionate" to the crime.' [Citation.]" (*Ewing,* at p. 23; see *Harmelin v. Michigan* (1991) 501 U.S. 957, 1001 [115 L.Ed.2d 836].) "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." (*Rummel v. Estelle* (1980) 445 U.S. 263, 272 [63 L.Ed.2d 382].)

Similarly, the California Constitution prohibits "cruel *or* unusual punishment." (Cal. Const., art. I, § 17, italics added.) A punishment may violate this provision

4

"although not cruel or unusual in its method, [if] it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424.) The California Supreme Court has described three techniques to evaluate a claim under California Constitution's prohibition against cruel or unusual punishment: "(1) an examination of the nature of the offense and the offender, with particular attention to the degree of danger both pose to society; (2) a comparison of the punishment with the punishment California imposes for more serious offenses; and (3) a comparison of the punishment with that prescribed in other jurisdictions for the same offense." (*In re Palmer* (2021) 10 Cal.5th 959, 973; see *People v. Haller* (2009) 174 Cal.App.4th 1080, 1092 (*Haller*).)

Defendant does not analyze the issue separately under each constitutional provision. Instead, he simply argues his sentence "violates both." Although he acknowledges that his crimes were "repugnant" and that "it seems likely that the emotional wounds suffered by [T. and J.] will never truly heal," defendant nevertheless argues his sentence of 45 years to life amounts to cruel and/or unusual punishment because he will not become eligible for parole until he is over 80 years old, substance abuse played a role in his crimes, he was also sexually abused as a child, he has no prior criminal record, and his risk of re-offense is low. But caselaw indicates otherwise.

Under the federal provision, defendant's sentence of 45 years to life is not grossly disproportionate to the gravity of his crimes. Indeed, as this court noted in *People v. Crooks* (1997) 55 Cal.App.4th 797 (*Crooks*), "[t]he defendant in *Harmelin* was lawfully sentenced to life without parole (LWOP) for possessing a large quantity of drugs." (*Id*. at p. 806.) As in *Crooks*, defendant's crimes are more serious and his one strike sentence was less than the LWOP sentence upheld in *Harmelin*.

*People v. Reyes* (2016) 246 Cal.App.4th 62 is also instructive. There, the appellate court upheld an LWOP sentence where the defendant committed forcible rape and forcible oral copulation against a minor victim during a residential burglary.

5

(*Id*. at p. 85.)  In this case, although defendant's crimes did not require the use of force, they were committed against his stepdaughters over the course of several years.  T. was between the ages of eight and 12.  J. was between the ages of 11 and 13.  They were "particularly vulnerable victims."  (*Id*. at p. 84.)  And, as already noted, defendant was sentenced to a lesser sentence than the LWOP sentence upheld in *Reyes*.  (See also *People v. Andrade* (2015) 238 Cal.App.4th 1274, 1310 (*Andrade*) [upholding sentence of 195 years to life for "numerous sexually violent crimes against five young women"]; *People v. Retanan* (2007) 154 Cal.App.4th 1219, 1230-1231 (*Retanan*) [upholding sentence of 135 years to life for "numerous sex crimes against four young girls"].)  We acknowledge that 45 years to life is a severe sentence, but caselaw indicates it is not grossly disproportionate to the gravity of defendant's crimes.

For many of the same reasons, defendant's sentence does not violate California's constitutional provision.  As in *Andrade*, defendant's argument is limited to the first technique used to assess the constitutionality of his sentence, i.e., an examination of "the nature of the offense and/or the offender, with particular regard to the degree of danger both present to society."  (*Haller, supra*, 174 Cal.App.4th at p. 1092.)  We have already addressed the nature of defendant's crimes, the seriousness of which he does not dispute.  We add here that in enacting section 667.61 -- authorizing increased punishment for the commission of an enumerated sex offense against more than one victim -- "the Legislature had significant concerns regarding recidivism of One Strike offenders and the serious nature of the offenses they commit."  (*People v. Williams* (2024) 17 Cal.5th 99, 129.)  "A defendant has a considerable burden to overcome when he challenges a penalty as cruel or unusual.  The doctrine of separation of powers is firmly entrenched in the law of California and the court should not lightly encroach on matters which are uniquely in the domain of the Legislature.  We must always be aware that it is the function of the legislative branch to define crimes and prescribe punishment."  (*People v. Bestelmeyer* (1985) 166 Cal.App.3d 520, 529.)

6

Even accepting defendant's argument that substance abuse and prior sexual abuse played a role in his crimes, and acknowledging that he has no prior criminal record and his "sexual re-offense potential" was determined by the probation department to be "below average," those considerations are not dispositive. In *Andrade*, the court acknowledged the defendant's "lack of criminal history" and the fact that "the probation department report assessed him as a low risk for recidivism," but nevertheless concluded his sentence of 195 years to life did not violate California's constitutional provision because "his convictions involved numerous sexually violent crimes against five young women" and he "demonstrated an intent to avoid detection by intimidating his victims." (*Andrade, supra*, 238 Cal.App.4th at p. 1310.) The court concluded: "Under the circumstances, his sentence is neither shocking nor inhumane when the nature of the offenses and offender are considered." (*Ibid.*)

Similarly, here, regardless of the reasons for defendant's behavior, and notwithstanding his below average recidivism risk and lack of a prior criminal record, he engaged in the repeated sexual abuse of his stepdaughters over the course of several years. Caselaw establishes that his sentence does not shock the conscience or offend fundamental notions of human dignity.

Finally, as in *Retanan, supra*, 154 Cal.App.4th 1219, "defendant makes no effort to compare his sentence with more serious offenses in California or with punishments in other states for the same offense, which we take as a concession that his sentence withstands a constitutional challenge on either basis." (*Id*. at p. 1231; see *Crooks, supra*, 55 Cal.App.4th at p. 808.)

Because defendant's constitutional challenge to his sentence fails, his trial counsel did not provide ineffective assistance by failing to raise it in the trial court. (See *People v. Jones* (1979) 96 Cal.App.3d 820, 827 [counsel is not required to advance meritless claims].)

DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:

_____/S/_____
HULL, Acting P. J.

_____/S/_____
MESIWALA, J.